Mark Feathers, *pro se*
6317 Ashley St.
Felton, CA 95018
Ph. (650) 960-5646
markfeathers@sbcglobal.net

FILED

OCT 05 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FEATHERS<br><br>Plaintiff<br><br>vs.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION | Case No.: C 22 05756 SVK<br><br>COMPLAINT FOR<br><br>(1) WRONGFUL PROSECUTION BY DEFENDANT IN ITS AGENCY ADMINISTRATIVE LAW FORUM<br><br>(2) VIOLATION BY DEFENDANT OF THE ADMINISTRATIVE PROCEDURES ACT<br><br>REQUEST FOR JURY TRIAL<br><br>REQUEST FOR DAMAGES |

- 1 -
COMPLAINT

I **COMPLAINT**

1. On October 4, 2019, and continuously since that date, Defendant Securities and Exchange Commission ("SEC"), has litigated against Plaintiff Mark Feathers ("Feathers") in its law forum.[1]

2. At no time during SEC's proceedings in its law forum has SEC presented authority to regulate the 2009-2012 "issuer" securities transactions of Small Business Capital Corp. ("SBCC"), owned & managed by Plaintiff, on behalf of Investors Prime Fund, a California limited liability company ("IPF"), ; see Feathers' Declarations No. 12 and 13.[2]

3. The regulator for SBCC, as issuer for IPF's securities, was the State of California Department of Corporations, the lawful grantor of IPF's securities permit gained solely thru efforts of SBCC.[3]

4. SBCC provided to SEC a copy of its securities permit for IPF between late 2011 and June 2012 during a SEC Division of Enforcement review.

5. All offering circulars for IPF (see Exhibit 2, pg. ii) for the period 2009-2012 clearly reflect the language of IPF's exemption and applicable California law for such from SEC's regulatory scheme[4]:

> "THE SALE OF UNITS COVERED BY THIS OFFERING CIRCULAR HAS NOT BEEN REGISTERED WITH THE SECURITIES AND EXCHANGE COMMISSION UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "**ACT**"), IN RELIANCE UPON THE EXEMPTIONS FROM SUCH REGISTRATION REQUIREMENTS PROVIDED FOR UNDER SECTION 3(a)(11) OF THE ACT AND RULE 147 THEREUNDER RELATING TO INTRASTATE OFFERINGS."

> "THESE SECURITIES ARE BEING OFFERED AND SOLD ONLY TO RESIDENTS OF THE STATE OF CALIFORNIA PURSUANT TO A PERMIT GRANTED BY THE CALIFORNIA COMMISSIONER OF CORPORATIONS. THE COMMISSIONER OF CORPORATIONS DOES NOT RECOMMEND OR ENDORSE THE PURCHASE OF THESE SECURITIES, NOR HAS THE COMMISSIONER PASSED UPON THE ACCURACY OF THE INFORMATION SET FORTH HEREIN."

---

[1] Admin Proceeding File No. 3-15755; see SEC Release No. 87226/October 4, 2019

[2] See Exhibit 1, Articles of Incorporation for Investors Prime Fund, LLC

[3] See Exhibit 2, permit to issue securities under authority of the California Department of Corportions

[4] See Exhibit 3, Offering Circular for Investors Prime Fund, LLC, dated June 29, 2011

6. The 6-29-11 offering circular for IPF (see Exhibit 3, pg. 1) reflects IPF's licensing, and state agency who was its securities regulator, with the following citation:

"The Fund is licensed by the California Department of Corporations…"

7. SEC has continuously litigated against Feathers for three years thru this date in its agency law forum; this period of litigation includes five ninety day extensions on Feathers' Petition for Review. From SEC's website validation of SEC failing requisite expediency of litigation per the APA shows:

U.S. SECURITIES AND
EXCHANGE COMMISSION

## Administrative Proceeding File No. 3-15755

**Documents**

| Date | Number | Description |
|---|---|---|
| Sep. 13, 2021 | 34-92955 | Order Extending Time to Issue Decision |
| Dec. 13, 2021 | 34-93761 | Order Extending Time to Issue Decision |
| Mar. 14, 2022 | 34-94409 | Order Extending Time to Issue Decision |
| Jun. 13, 2022 | 34-95095 | Order Extending Time to Issue Decision |
| Sep. 13, 2022 | 34-95755 | Order Extending Time to Issue Decision |

8. Feathers has, and continues, to suffer 4th Amendment violations due to Feathers' need to devote substantial time and effort to defend himself against SEC's wrongful prosecution.

9. This a matter of substantial public interest, as SEC wastes public resources engaging in wrongful prosecution and sends a message to the public it believes it must not adhere to APA law.

10. SEC violates here the Fifth Amendment of the United States Constitution, which directs that the Federal Government shall not deprive any person of "property without due process of law".

11. Feathers, *pro se*, is a resident of Felton, CA.

## JURISDICTION

12. Upon Plaintiff's knowledge and belief jurisdiction of this court is proper pursuant to U.S. Codes and statues.

## CONSTITUTIONAL PROVISION

13. Plaintiff suffers from discriminatory and unlawful treatment in violation of the Takings, Due Process, and Equal Protection Clauses of the United States Constitution and Bill of Rights. This lawsuit seeks redress for the Constitutional violations of the Commission's agent which have harmed Plaintiff. Plaintiff's claim is governed by the Fourth, Fifth, and other possible Amendments to the United States Constitution and the Bill of Rights which may be applicable. Plaintiff's damages are readily measurable.

## DEMAND FOR TRIAL BY JURY OR SIMILARLY QUALIFIED PARTY

14. Feathers demands a trial on all triable issues.

15. SEC holds duty of due care to not engage in Constitutionally infirm actions it has engaged in, and acted with disregard for a likelihood that its infirm actions would bring harm to Feathers.

16. The 4th Amendment standard requires inquiry of the factual circumstances of every case, which SEC has failed to perform, despite its obligation to do so.

17. Damage inflicted to Feathers is measurable, and for that he seeks redress for economic losses, plus reasonable fees, costs, and such further relief as the Court deems just and proper.

## Prayer for Relief

Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

18. The elements of Feathers' cause of action are the proximate causal connection between SEC's Constitutionally infirm conduct and Feathers' resulting actual loss or damage.

19. Feathers' injuries are of the natural, probable, and foreseeable type that come about on the

basis of a federal regulatory securities enforcement agency's Constitutionally infirm actions. SEC's constitutional breaches establish a proximate causal connection between their conduct and Feathers resulting injuries.

20. These claims fall under the Bill of Rights 4th and 5th Amendments.

21. Defendant's conduct evidences want of care and attention to duty, indifference to Plaintiff's rights, with such disregard of Plaintiff's rights that Defendant's conduct is equivalent to conscious indifference. Plaintiff suffers substantial emotional distress and mental anguish as a natural and foreseeable consequence of Defendant's wrongful prosecution and violation(s) of the Administrative Procedures Act.

WHEREFORE, Plaintiff request judgement from the Court:

(1) Determining and awarding compensatory damages in an amount to be proven at trial, with interest thereupon, but in no event less than $5 million that SEC acted with negligence, willful indifference, or recklessness through wrongful prosecution of Plaintiff and violations of the Administrative Procedures Act, and which brought about violations of Due Process, Equal Protection, and Takings Clauses of the United States Constitution;

(2) Awarding such further relief as the Court deems just and appropriate under the circumstances.

Dated:   October 4, 2022

/s/ Mark Feathers
MARK FEATHERS, in Pro Per