UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FEATHERS,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>   Defendant. | Case No. 22-cv-05756-JD<br><br>**ORDER RE DISMISSAL AND TEMPORARY RESTRAINING ORDER** |

Pro se plaintiff Mark Feathers asks for a temporary restraining order (TRO) to prohibit the Securities and Exchange Commission (SEC) from conducting administrative proceedings against him. The allegations in the complaint, Dkt. No. 1, and the application for a TRO, Dkt. No. 2, are thin to the point of vanishing, and it is difficult to understand what Feathers' claims against the SEC might be. They appear to relate to a civil enforcement action against Feathers in which an administrative law judge (ALJ) concluded that Feathers had violated the federal securities laws in connection with investment funds he created and managed. *See In the Matter of Mark Feathers,* Release No. 1403, 2020 WL 5763383, at *1 (ALJ Sept. 25, 2020). The ALJ granted a summary disposition in favor of the SEC, and barred Feathers from the securities industry. *Id.* at *9-10. Feathers filed a petition for review, which was granted. *See In the Matter of Mark Feathers,* Release No. 34-90380, 2020 WL 10143067 (Nov. 9, 2020). The petition for review is pending.

To the extent the threadbare complaint is intelligible, Feathers says he is being wrongfully prosecuted in violation of his constitutional rights and the Administrative Procedure Act (APA). Dkt. No. 1 ¶¶ 1-10. Why this might be so is not clear; the complaint is wholly conclusory and devoid of any factual allegations that could plausibly support its claims. The TRO application,

which is just over one page long, is even less illuminating. *See* Dkt. No. 2. The only thing that is clear is that Feathers seeks $5 million or more in damages against the SEC. Dkt. No. 1 at 5.

The parties' familiarity with the record is assumed. The complaint is dismissed with leave to amend. A TRO is denied. The case management conference set for January 5, 2023, is vacated.

**DISMISSAL OF COMPLAINT**

The Court may sua sponte dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). The Court may also dismiss a complaint for failure to state a claim under Rule 12(b)(6) on its own motion. *Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This calls for enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Feathers, as a pro se plaintiff, is entitled to a generous reading of his complaint, he is required to meet these standards, just like every other plaintiff. *Choudhuri v. Specialized Loan Servicing*, No. 3:19-cv-04198-JD, 2019 WL 3323088, at *1 (N.D. Cal. July 24, 2019).

The complaint as it currently stands cannot go forward. To start, it demonstrates on its face a lack of subject matter jurisdiction because damages claims against the SEC are barred by sovereign immunity. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997); *see also Zubkis v. S.E.C.*, 145 F.3d 1344 (9th Cir. 1998) (unpublished) (affirming dismissal of claims for damages against the SEC as barred by sovereign immunity); *Lin v. S.E.C.*, 936 F.2d 578 (9th Cir. 1991) (unpublished) ("[T]he SEC is entitled to sovereign immunity as an agency of the United States."); *Feathers v. United States*, No. 5:15-cv-02194-PSG, 2015 WL 7734291, at *2-3 (N.D. Cal. Dec. 1, 2015) (dismissing Feathers' prior complaint for constitutional violations against the United States without leave to amend on sovereign immunity grounds); *Romano v. United States Army Core of*

1   *Eng'rs*, No. 3:17-cv-00930-JD, 2017 WL 6448221, at * 1 (N.D. Cal. Dec. 18, 2017).  Feathers

2   "has not pleaded claims pursuant to the Federal Tort Claims Act (FTCA), 26 U.S.C. § 2671 et

3   seq., much less demonstrated compliance with the FTCA's procedural requirements," that might

4   allow him to seek money damages against the SEC.  *Zubkis*, 145 F.3d at 1344, n.4; *see also*

5   *Romano*, 2017 WL 6448221, at *3 (describing the FTCA's procedural requirements).

6       Feathers suggests, in a very cursory way, that none of this matters because the complaint

7   seeks a determination that the SEC lacks authority to prosecute him.  *See* Dkt. No. 16 at 3.  The

8   problem for Feathers is that the complaint features a single demand for money damages.  *See* Dkt.

9   No. 1 at 5.  Nothing else is sought.  Even under the liberal approach to pro se pleadings, the Court

10  cannot "supply essential elements of the claim that were not initially pled," or create subject

11  matter jurisdiction where none exists.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

12  (9th Cir. 1982); *see Romano*, 2017 WL 6448221 at *1.

13      This alone warrants dismissal.  The Court also notes that the complaint does not state a

14  claim under Rule 8 or Rule 12(b)(6).  Nothing in the way of facts are alleged to plausibly make

15  out constitutional torts or an APA violation.  Damages are not available against a federal agency

16  for constitutional violations, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994), and the

17  complaint does not identify any SEC employees who might otherwise be liable under some other

18  theory.  The APA claim is entirely unclear, and in any event a final order by the SEC is reviewable

19  only in the Ninth Circuit or the D.C. Circuit.  *See* 5 U.S.C. § 704; 15 U.S.C. § 78y(a)(1).

20      The remaining question is whether Feathers should be given an opportunity to amend.  On

21  the record before the Court, short though it is, a good argument can be made that amendment

22  would be futile.  Even so, in light of Feathers' pro se status, he may file an amended complaint

23  consistent with this order by January 13, 2023.  A failure to meet this deadline will result in

24  dismissal of the case with prejudice under Rule 41(b).

25      **TEMPORARY RESTRAINING ORDER**

26      The standards for issuing a temporary restraining order and a preliminary injunction are the

27  same.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001);

28  *see also Rahman v. City of Oakland*, No. 3:22-cv-05038-JD, 2022 WL 4292954, at *1 (N.D. Cal.

Sept. 16, 2022); *Choudhuri*, 2019 WL 3323088, at *1. Injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rahman,* 2022 WL 4292954, at *1. A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 20); *see also Friends of Gualala River v. Gualala Redwood Timber, LLC*, 552 F. Supp. 3d 924, 932 (N.D. Cal. 2021). An injunction may also issue where "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," if the plaintiff "shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies*, 632 F.3d at 1135. This alternative path to an injunction reflects our circuit's "sliding scale" approach, in which "the elements of the preliminary injunction are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131; *see also Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014); *Rahman*, 2022 WL 4292954, at *1, *Shuting Kang v. Harrison*, No. 18-cv-05399-JD, 2019 WL 4645723, at *1 (N.D. Cal. Aug. 13, 2019).

In all cases, "at an irreducible minimum," the party seeking injunctive relief "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (internal quotations omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first factor under *Winter* is the most important--likely success on the merits.") As a result, "when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements]." *Garcia*, 786 F.3d at 740 (internal quotations omitted); *see also Rahman*, 2022 WL 4292954, at *1.

4

The dismissal of the complaint makes short work of the TRO application. There is no plausible claim in the case, and so no likelihood of success on the merits. There is also no evidence suggesting that the other elements for a TRO are present. A TRO is denied.

**IT IS SO ORDERED.**

Dated: November 29, 2022

_____
JAMES DONATO
United States District Judge